UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ARNON MEYER CLINE and all others )
similarly situated under 29 U.S.C. 216(b), )
)
               Plaintiff, )
  vs. )
)
TORAH AND THE TWELVE STEPS, INC., )
ERIC BURNS a/k/a/ ISRAEL BURNS, )
RUTH BURNS, )
)
               Defendants. )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND MINIMUM WAGE VIOLATIONS

Plaintiff, ARNON MEYER CLINE on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, TORAH AND THE TWELVE STEPS, INC., ERIC BURNS a/k/a/ ISRAEL BURNS, and RUTH BURNS, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant TORAH AND THE TWELVE STEPS, INC., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant ERIC BURNS a/k/a/ ISRAEL BURNS is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for

paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant RUTH BURNS is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff worked for Defendants as a house worker tending to the aged and infirmed from on or about May 2015 through on or about February 3, 2017.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2014, 2015, and 2016.

14. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2017 and is expected to exceed $500,000 for the year 2017.

15. 29 USC 203(s)(1)(B) also states that an enterprise engaged in commerce or in the production of goods for commerce is "an enterprise that is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective

who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit)."

16. The Individual Defendants, ERIC BURNS a/k/a/ ISRAEL BURNS, and RUTH BURNS, were Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

17. 29 C.F.R. 785.22 states also that "[w]here an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked. If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted." It further states that "if the employee cannot get at least 5 hours' sleep during the scheduled period the entire time is working time."

18. Plaintiff maintains that when hired by Defendants, on or about May 2015, Defendants advised Plaintiff he would be paid an average of $10.00 per hour intended only for the daytime hours.[1]

19. Between the period of on or about May 2015 through February 3, 2017, for approximately

---

[1] Plaintiff claims the hourly rate of an average of $10.00/hr. based on the agreement by and between Plaintiff and Defendants. Plaintiff reserves his right to argue to a Jury that the wages due and owing to him should be based on his hourly rate of $10.00/hr. and will request the factfinder (the Jury) ultimately determine his entitlement.

the first 10 months, Plaintiff worked an average of 135 hours a week for Defendants, not regularly getting more than 4 hours of sleep per night, and was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

20. Between the period of on or about May 2015 through February 3, 2017, <u>except for</u> approximately the first 10 months, Plaintiff worked an average of 135 hours a week for Defendants, not regularly getting more than 4 hours of sleep per night, and was paid an average of $1.01 per hour but was never paid the extra half-time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate for each hour worked above 40 in a week.

21. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The*

*Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-21 above and further states:

22. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than— $5.85 an hour…" On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

23. Between the period of on or about May 2015 through February 3, 2017, for approximately the first 10 months, Plaintiff worked an average of 135 hours a week for the Defendants, not regularly getting more than 4 hours of sleep per night. Plaintiff was paid nothing at all for said work in violation of the Fair Labor Standards Act as said non-payment did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $0.00/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

24. Between the period of on or about May 2015 through February 3, 2017, <u>except for</u> approximately the first 10 months, Plaintiff worked an average of 135 hours a week for the Defendants, not regularly getting more than 4 hours of sleep per night. Plaintiff was paid an average of $1.01 per hour in violation of the Fair Labor Standards Act as said payment of

$1.01 per hour did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $1.01/hr. and the applicable minimum wage rate of $7.25/hr for all hours worked.

25. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

26. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

Respectfully submitted,

K. DAVID KELLY, ESQ.
J.H. ZIDELL, P.A.
ATTORNEY FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FL. 33141
PH: 305-865-6766
FAX: 305-865-7167
EMAIL: DAVID.KELLY38@ROCKETMAIL.COM
F.B.N. 0123870

BY:__/s/_____K. David Kelly_____
K. DAVID KELLY, ESQ.